

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONALD W. PATTON                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO.: 1:15cv332 HSO-JCG

HANCOCK BANK; HANCOCK HOLDING
COMPANY; DOVENMUEHLE
MORTGAGE, INC.; QBE FIRST INSURANCE
AGENCY, INC.; QBE NORTH AMERICA;
QBE INSURANCE GROUP LIMITED;
QBE INSURANCE CORPORATION;
QBE AMERICAS, INC.; and BEACON
INSURANCE SERVICES, INC.                                          DEFENDANTS

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendants QBE First

Insurance Agency, Inc., QBE North America, QBE Insurance Corporation, QBE

Insurance Group Limited, and QBE Americas, Inc. (sometimes collectively referred

to as "QBE"), joined in and consented to by Defendant Dovenmuehle Mortgage, Inc.

("Dovenmuehle")[1], by and through counsel and, without waiving any objections to

venue or any other defenses, including any Rule 12 defenses, and specifically

preserving the right to demand arbitration pursuant to a contractual agreement and

the Federal Arbitration Act, 9 U.S.C. § 1, et seq., files this Notice of Removal of this

action from the Circuit Court of Harrison County, Mississippi, to the United States

District Court for the Southern District of Mississippi, Southern Division.

Removal is proper because there is complete diversity between the properly

---

[1] *See* Exhibit "A"

joined parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

COMPLAINT

1.      On August 27, 2015, Plaintiff filed his Complaint against Hancock Bank and Hancock Holding Company (collectively referred to as "Hancock"), Dovenmuehle, QBE, and Beacon Insurance Services, Inc. ("Beacon") in the Circuit Court of Harrison County, Mississippi, being Civil Action No. 24CI1:15-cv-00167.[2] QBE was served with Plaintiff's Complaint on September 4, 2015.

2.      According to the Complaint, Plaintiff's home situated at 24020 Butch Patton Lane, Saucier, Mississippi, was damaged from Hurricane Isaac when it made landfall on the Mississippi Gulf Coast on August 28, 2012.[3] Plaintiff contends in his Complaint that his home was insured by a lender placed policy issued by QBE, bearing Policy No. LRE9203253324, for dwelling coverage in the amount of $275,000.[4] Plaintiff contends that QBE breached the insurance contract and seeks a judgment for insurance benefits under the homeowner's insurance policy issued by or through QBE. Plaintiff also asserts a bad faith claim for the alleged "actions of failing to properly adjust or evaluate the claim of Plaintiff for his losses so as to ensure the proper insurance coverage, their "piece mill" approach to the Plaintiff's claim and their failure to timely pay the claim once they had evaluated the losses of the Plaintiff.[5] Plaintiff also contends the alleged actions of QBE were done recklessly and

---

[2] Compl., August 27, 2015, Exhibit "B"
[3] *Id.* at ¶ VIII.
[4] *Id.* at ¶ VIII
[5] *Id.* at ¶ XXV

willfully, and without regard to the interests of Plaintiff."[6] Plaintiff seeks compensatory damages and punitive damages, jointly and severally in the amount of $1,275,000 and at least $1,000,000, including attorney fees, costs of court, and all other damages.[7]

3.      This Court has diversity of citizenship jurisdiction over this proceeding, pursuant to 28 U.S.C. §1332, because the parties are completely diverse, and because the amount in controversy exceeds $75,000.00. The action is removable based on diversity of citizenship because the claims against Defendants Hancock, Dovenmuehle and Beacon have been fraudulently misjoined in this action with the claims against QBE.

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

**A.      This Case is Properly Removable**

4.      This case is properly removable to this Court pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, [1] any civil action brought in a State court of which the district courts of the United States have <u>original jurisdiction</u>, [2] may be removed by the defendant or the defendants, to the <u>district court of the United States for the district and division embracing the place where such action is pending</u>. . . .

28 U.S.C. § 1441(a) (emphasis added).

5.      As will be explained in more detail below, this Court has original jurisdiction (diversity jurisdiction) of this case, pursuant to 28 U.S.C. § 1332(a), as

---

[6] *Id.* at ¶ XXIV, XXV & XXVI
[7] *Id.* at ¶ XXVIII

amended, which provides in pertinent part as follows:

> (a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ·
> (1)    citizens of different States. . . .

28 U.S.C. § 1332(a).

6.    Additionally, the United States District Court for the Southern District of Mississippi, Southern Division, is the district and division embracing the location of the state court where this suit is currently pending.

**B.    This Removal is Timely**

7.    Pursuant to 28 U.S.C. §1446(b), a notice of removal can be filed within thirty (30) days after receipt by the defendant "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . . " 28 U.S.C. §1446(b)(1).

8.    QBE was served with a copy of the Summons and the Complaint on September 4, 2015, which are attached hereto as part of Exhibit "C".

9.    Because QBE is removing this case within thirty days from September 4, 2015, removal is proper and timely.

**C.    Required Documents Attached and Notice to Clerk Given**

10.    Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings and orders served on QBE are attached hereto as part of Exhibit "C".

11.    Pursuant to L.U.Civ.R. 5(b), a true and correct certified copy of the entire state court file from the Harrison County Circuit Clerk will be filed.

12.    Contemporaneously, with the filing of this Notice of Removal, QBE will filed a copy of its Notice of Removal with the Clerk of the Circuit Court of Harrison County, Mississippi, in accordance with 28 U.S.C. § 1446(d).

## DIVERSITY JURISDICTION EXISTS

13.    As already briefly mentioned, this Court has original diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332(a), because the Plaintiff and QBE are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

A.    Diversity of Citizenship Exists

14.    According to the Complaint, the Plaintiff is a citizen of Harrison County, Mississippi.[8] According to the Complaint, QBE is comprised of foreign corporations with their principal offices in New York.

15.    QBE First Insurance Agency, Inc. is a California corporation with its principal place of business in California.[9]

16.    QBE North America is not a legal entity such as a corporation, partnership, or association capable of being sued, but rather a registered trade name and business brand used by QBE Insurance Corporation and other affiliated companies as part of marketing and administering insurance products and services.[10]

17.    QBE Insurance Group Limited is a foreign corporation with its principal place of business in Australia.[11]

---

[8] *See* Exhibit "B", at ¶ I
[9] *See* Exhibit "B", at ¶ V
[10] *See* Exhibit "B", at ¶ V
[11] *See* Exhibit "B", at ¶ V

18.    QBE Insurance Corporation is a Pennsylvania corporation with its principal place of business in New York.[12]

19.    QBE Americas, Inc. is a Delaware corporation with its principal place of business in New York.[13]

20.    Dovenmuehle Mortgage, Inc. is an Illinois corporation with its principal place of business in Illinois.[14]

21.    With regard to Hancock, Dovenmuehle, and Beacon, the doctrine of fraudulent misjoinder permits the Court to sever claims against non-diverse defendants where their joinder is procedurally inappropriate under the Federal Rules of Civil Procedure and accomplishes no other objective than the manipulation of the forum.

22.    The allegations against Hancock, Dovenmuehle, and Beacon, on one hand, and QBE, on the other hand, all arise out of separate allegations of wrongful conduct occurring at separate and distinct times. The claims against Hancock and Dovenmuehle relate to allegations that it improperly secured a duel interest lender placed policy on the subject property without the knowledge of the Plaintiff. The claim against Dovenmuehle relate to its activities as the loan servicer for Hancock and its alleged failure to properly pay insurance premiums from escrow and to properly manage the escrow account. The claims against Beacon relate to the allegations that Beacon was negligent in failing to timely notify or to provide a current insurance

---

[12] *See* Exhibit "B", at ¶ V
[13] *See* Exhibit "B", at ¶ V
[14] *See* Exhibit "B", at ¶ IV

policy to Plaintiff.  Conversely, the claims against QBE relate to an alleged breach of the insurance contract, handling of the insurance claim after the home sustained damage from Hurricane Isaac, and decisions and legal issues of interpretation of the subject insurance policy. As such, the claims against Hancock, Dovenmuehle, and Beacon have been fraudulently or improperly misjoined with the claims against QBE and the claims against Hancock, Dovenmuehle, and Beacon should be severed thereby providing complete diversity of citizenship between the Plaintiff and QBE. *See Nsight Technologies, LLC v. Federal Ins. Co.*, 2009 WL 1106868, at *2-5 (S.D. Miss. Apr. 23, 2009)(analyzing Miss.R.Civ.P. 20 and applying fraudulent misjoinder in determining that claims against non-diverse defendant for conversion based on embezzlement and claims against the insurer for breach of contract and bad faith arose out of separate allegations of wrongdoing occurring at separate times).

23.    Because Hancock, Dovenmuehle, and Beacon have been fraudulently or improperly misjoined with the claims against QBE, their consent or joinder to the Notice of Removal is not required.

B.    Amount in Controversy Met

24.    Plaintiff seeks $1,275,000 as compensatory damages and at least $1,000,000 in punitive damages. *See* Exhibit "B".

25.    QBE reserves the right to amend or supplement their Notice of Removal.

WHEREFORE, PREMISES CONSIDERED, QBE First Insurance Agency, Inc., QBE North America, QBE Insurance Group Limited, QBE Insurance Corporation, and QBE Americas, Inc., with the joinder and consent of all properly

joined and served Defendants, request that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of Harrison County, Mississippi, be hereby stayed. Plaintiff and all parties are notified to proceed no further in state court unless the case should be remanded by order of said United States District Court.

Respectfully submitted, this the 1st day of October, 2015.

QBE FIRST INSURANCE AGENCY, INC.; QBE NORTH AMERICA; QBE INSURANCE GROUP LIMITED; QBE INSURANCE CORPORATION; QBE AMERICAS, INC.

By: _____

Kelly Simpkins (MSB # 9028)
Randy L. Dean (MSB # 6011)
WELLS MARBLE & HURST, PLLC
Post Office Box 131
Jackson, Mississippi  39205-0131
Telephone:   (601) 605-6900
Facsimile:   (601) 605-6901
E-mail:      ksimpkins@wellsmar.com
             rdean@wellsmar.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the above and foregoing **Notice of Removal** was served by U. S. Mail, postage fully prepaid to:

Al Shiyou, Esq.
SHIYOU LAW FIRM
Post Office Box 310
Hattiesburg, Mississippi 39403
        ATTORNEY FOR PLAINTIFF

R. Douglas Vaughn, Esq.
Deutsch, Kerrigan & Stilles, LLP
2510 14th Street, Ste. 1001
Gulfport, MS 39501
        ATTORNEY FOR HANCOCK DEFENDANTS

Amanda M Beckett, Esq.
Rubin Lublin LLC
428 North Lamar Blvd., Ste. 107
Oxford, MS 39655
        ATTORNEY FOR DOVENMUEHLE MORTGAGE, INC.

This the 1st day of October, 2015.

_____
Randy L. Dean