IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

DONALD W. PATTON                                          PLAINTIFF

VS.                                    CIVIL ACTION NO.: A2401-15-167

HANCOCK BANK, HANCOCK
HOLDING COMPANY,
DOVENMUEHLE MORTGAGE, INC.,
QBE FIRST INSURANCE AGENCY, INC.,
QBE NORTH AMERICA, QBE INSURANCE
GROUP LIMITED, QBE INSURANCE
CORPORATION, QBE AMERICAS, INC.,
and BEACON INSURANCE SERVICES, INC.                       DEFENDANTS



FILED AUG 27 2015
GAYLE PARKER, Circuit Clerk
By _____ DC

## COMPLAINT

## JURY TRIAL REQUESTED

COME NOW, the Plaintiff herein, **DONALD W. PATTON**, and file this, his Complaint against the Defendants, **HANCOCK BANK, HANCOCK HOLDING COMPANY, DOVENMUEHLE MORTGAGE, INC., QBE FIRST INSURANCE AGENCY, INC., QBE NORTH AMERICA, QBE INSURANCE GROUP LIMITED, QBE INSURANCE CORPORATION, QBE AMERICAS, INC., and BEACON INSURANCE SERVICES, INC**, and in support thereof, would show unto this Court the following, to-wit:

**I.**

The Plaintiff herein, **DONALD W. PATTON**, is an adult resident citizen of Harrison County, Mississippi.

**II.**

The Defendant herein, **HANCOCK BANK**, is a Mississippi corporation licensed to and doing business in Mississippi, with its principal office address at 2510 14th Street, Gulfport,

Harrison County, Mississippi and may be served with process of this Court by serving its designated agent for service of process, C. T. Corporation System at 645 Lakeland Drive East Dr. Ste 101, Flowood, Rankin County, Mississippi 39232, in the time and manner prescribed by law.

### III.

The Defendant herein, **HANCOCK HOLDING COMPANY,** is a Mississippi corporation licensed to and doing business in Mississippi, with its principal office address at 2510 14th Street, Gulfport, Harrison County, Mississippi and may be served with process of this Court by serving its designated agent for service of process, C. T. Corporation System at 645 Lakeland Drive East Dr. Ste 101, Flowood, Rankin County, Mississippi 39232, in the time and manner prescribed by law.

### IV.

The Defendant herein, **DOVENMUEHLE MORTGAGE, INC.,** is a foreign corporation doing business in Mississippi, with its principal office address of 1 Corporate Dr. Ste 360, Lake Zurich, IL 60047 and may be served with process of this Court by serving its designated agent for service of process, WILLIAM A MYNATT, JR., at1 CORPORATE DRIVE STE 350 LAKE ZURICH IL, 60047 in the time and manner prescribed by law.

### V.

The Defendants herein, **QBE FIRST INSURANCE AGENCY, INC., QBE NORTH AMERICA, QBE INSURANCE GROUP LIMITED, QBE INSURANCE CORPORATION, QBE AMERICAS, INC.,** are foreign corporations doing business in Mississippi, with their principal office address in New York and may be served with process of this Court by serving the Mississippi Insurance Commissioner in the time and manner prescribed by law.

## VI.

The Defendant herein, **BEACON INSURANCE SERVICES, INC.,** is a Mississippi corporation licensed to and doing business in Mississippi, with its principal office address at 1009 Howard Avenue, Biloxi, Harrison County, Mississippi and may be served with process of this Court by serving its designated agent for service of process, Donna W. Langlinias at 809 On The Green Street, Biloxi, Harrison County, MS 39532, in the time and manner prescribed by law.

## VII.

Jurisdiction and venue is proper in the Circuit Court of Harrison County, Mississippi, in that the all of the acts complained of herein occurred within the geographical limits of Harrison County, Mississippi.

## VIII.

### Facts

The Plaintiff, DONALD PATTON, owns improved real property located at 24020 Butch Patton Lane, Saucier, Harrison County, Mississippi, (hereinafter, "subject property"). The Plaintiff has a mortgage with Defendant(s), HANCOCK BANK and/or HANCOCK HOLDING COMPANY (hereinafter, "HANCOCK" to denote either or both Defendants herein), which is secured by the Plaintiff's improved real property owned by him, located at 24020 Butch Patton Lane, Saucier, Harrison County, Mississippi, (hereinafter, "subject property"). Pursuant to the terms of the mortgage between the Plaintiff and HANCOCK, insurance and taxes on the subject property are escrowed through HANCOCK.

Apparently, sometime after the loan was made with HANCOCK, HANCOCK, retained the services of DOVENMUEHLE MORTGAGE, INC. (hereinafter "Dovenmuehle") to service the loan.

Prior to the events complained of herein, the Plaintiff had procured insurance on the "subject property" through the Defendant, BEACON INSURANCE SERVICES, INC. (hereinafter "Beacon") and verily believed that at all times, his insurance was in effect through and was with the said Beacon.

Sometime thereafter, either the Defendant, HANCOCK, or the Defendant, DOVENMUEHLE, for reasons unknown to the Plaintiff, improperly placed a "duel interest lender placed policy " in the amount of $275,000.00 with QBE North America through QBE Insurance Corporation policy FILRE920325324 and QBE FIRST INSURANCE AGENCY, INC., on the subject property without the knowledge of the Plaintiff. Said insurance named both Donald Patton and HANCOCK and/or DOVENMUEHLE MORTGAGE, INC. as insured. The cost of this policy is believed to be at a higher premium than the Plaintiff was paying through Beacon. Further, through information and belief, the Defendants, HANCOCK or DOVENMUEHLES were not timely notified or provided a current insurance policy by Beacon and that Beacon was negligent in its failure to timely notify or provide a current insurance policy to HANCOCK and/or DOVENMUEHLES.

HANCOCK or DOVENMUEHLE paid the QBE North America policy on or about August, 18, 2012.

On August 28, 2012, Hurricane Isaac struck the Mississippi Gulf Coast, and the subject property owned by Plaintiff sustained extensive damage. Sometime thereafter, the Plaintiff learned of HANCOCK and/or DOVENMUEHLE, having improperly placed a "duel interest lender placed policy " in the amount of $275,000.00 with QBE North America and QBE FIRST INSURANCE AGENCY, INC. through QBE Insurance Corporation policy FILRE920325324, on the subject property without his knowledge.

Thereafter, the Plaintiff filed a claim under the QBE North America through QBE Insurance Corporation policy FILRE920325324.

Multiple claims adjusters have "adjusted" the claim of the Plaintiff on behalf of QBE North America without the claim being properly evaluated and paid. The Plaintiff has disagreed with the extremely low valuation amounts since the various adjustments or evaluations of damage to the subject property have failed to provide coverage for all damages to the Plaintiffs' property. Also, Plaintiff avers that the coverage as purchased by HANCOCK and/or DOVENMUEHLES, after the storm, is believed to be different than what Plaintiff had contracted for through Beacon, before the storm. Further, QBE North America has refused to deal with Plaintiff directly, since according to QBE North America, HANCOCK or DOVENMUEHLES is considered as the 'named' insured on the new policy, not the Plaintiff, even though the funds used to pay the premium were funds paid by the Plaintiff.

The Plaintiff submits that the actions of Defendant(s) as referenced, have proximately caused them to suffer damage for which he should be compensated.

## Count One
### Negligence

### IX.

Plaintiff re-alleges each and every paragraph previously pled as if specifically pled herein.

### X.

In its actions of failing to properly pay the premiums on Plaintiff's policy with Beacon, as referenced, Defendant(s), HANCOCK and/or DOVENMUEHLES, breached its duty of reasonable care in making sure that coverage was properly afforded to Plaintiff for the possibility of wind damage done to the subject property, as was the case. This breach of duty proximately caused damage to Plaintiff, for which Plaintiff should be compensated.

## XI.

Further, through information and belief, the Defendants, HANCOCK or DOVENMUEHLES were not timely notified or provided a current insurance policy by Beacon and that Beacon was negligent in its failure to timely notify or provide a current insurance policy to HANCOCK or DOVENMUEHLES. Therefore, Beacon breached its duty of reasonable care in making sure that coverage was properly afforded to Plaintiff for the possibility of wind damage done to the subject property, as was the case. This breach of duty proximately caused damage to Plaintiff, for which Plaintiff should be compensated.

## XIII.

In its actions of failing to properly pay, evaluate and adjust the claim of the Plaintiff Defendant(s), QBE, has breached its duty of reasonable care in making sure that the claim of the Plaintiff was properly administered and that the terms of the policy coverage were properly afforded to Plaintiff for the damage done to the subject property. This breach of duty has proximately caused damage to Plaintiff, for which Plaintiff should be compensated.

### Count Two
### Breach of Fiduciary Duty

## XIV.

Plaintiff re-alleges each and every paragraph previously pled as if specifically pled herein.

## XV.

Defendant(s), HANCOCK or DOVENMUEHLES, knew or should have known that Plaintiff placed their his confidence and trust in them as the escrow holder of the money used to pay all necessary premiums to ensure that insurance coverage would be afforded to Plaintiff on his property, and HANCOCK or DOVENMUEHLES, by and through its agents, accepted the confidence and trust reposed in it by Plaintiff.

### XVI.

As a result of said confidence and trust so placed, HANCOCK or DOVENMUEHLES created a fiduciary relationship between itself and Plaintiff. As a result of the fiduciary relationship, HANCOCK or DOVENMUEHLES owed a heightened duty to Plaintiff to manage Plaintiff's affairs in the best interest of Plaintiff and not in the best interest of HANCOCK or DOVENMUEHLES . In its actions of failing to properly pay the premiums on Plaintiff's Mississippi Windstorm policy, from the escrow amount as referenced, Defendant(s), HANCOCK or DOVENMUEHLES , breached its fiduciary duty to Plaintiff, and Plaintiff was damaged thereby.

### XVII.

In its actions of failing to properly pay, evaluate and adjust the claim of the Plaintiff Defendant(s), QBE, has breached its duty of reasonable care as a result of the fiduciary relationship between the parties and QBE in making sure that the claim of the Plaintiff was properly administered and that the terms of the policy coverage were properly afforded to Plaintiff for the damage done to the subject property. This breach of duty has proximately caused damage to Plaintiff, for which Plaintiff should be compensated.

### Count Three
### Breach of Contract

### XVIII.

Plaintiff re-alleges each and every paragraph previously pled as if specifically pled herein.

### XIX.

The Defendant(s), HANCOCK and/or DOVENMUEHLES , have knowingly and willfully breached its contract with the Plaintiff in its actions of failing to properly pay the premiums on Plaintiff's escrowed insurance coverage, from the escrow amount as referenced, so

as to ensure proper insurance coverage, the same being required under the terms of their policy. As a result, Plaintiff has been, and continues to be, deprived of benefits under the policy, all to his detriment.

## XX.

Further, the Defendants, QBE, have breached their contract with the Plaintiff by their failure to properly pay, adjust or evaluate the claim of the Plaintiff as required by the contract between QBE, the Plaintiff and HANCOCK or DOVENMUEHLES and the Plaintiff has been and continues to be damaged thereby.

## Count Four
## Gross Negligence

## XXI.

Plaintiff re-alleges each and every paragraph previously pled as if specifically pled herein.

## XXII.

In its actions of failing to properly pay the premiums on Plaintiff's Mississippi Windstorm policy, from the escrow amount as referenced, so as to ensure proper insurance coverage, all as referenced herein, Plaintiff submits that said actions were done recklessly and wilfully, without regard to the interests of Plaintiff. Such actions by Defendant(s), HANCOCK or DOVENMUEHLES, constitute gross negligence, for which punitive damages should be awarded.

## XXIII.

In its actions of failing to properly pay, adjust or evaluate the claim of the Plaintiff for his losses so as to ensure the proper insurance coverage, all as referenced herein, Plaintiff submits that said actions were done recklessly and wilfully, without regard to the interests of Plaintiff. Such actions by Defendant(s), QBE, constitute gross negligence, for which punitive damages

should be awarded.

## Count Five
### Bad Faith

**XXIV.**

Plaintiff re-alleges each and every paragraph previously pled as if specifically pled herein.

**XXV.**

In its actions of failing to properly adjust or evaluate the claim of the Plaintiff for his losses so as to ensure the proper insurance coverage, their "piece mill" approach to the Plaintiff's claim, and their failure ti timely pay the claim once they had evaluated the losses of the Plaintiff, the Plaintiff submits that said actions of QBE were done recklessly and wilfully, without regard to the interests of Plaintiff. Such actions by Defendant(s), QBE, constitute bad faith and a complete showing of failure to deal fairly with the Plaintiff.

**XXVI.**

In its actions of failing to properly adjust or evaluate the claim of the Plaintiff for his losses so as to ensure the proper insurance coverage, their "piece mill" approach to the Plaintiff's claim, and their failure ti timely pay the claim once they had evaluated the losses of the Plaintiff, the Plaintiff submits that said actions of QBE were done recklessly and wilfully, without regard to the interests of Plaintiff. Such actions by Defendant(s), QBE, constitute bad faith and a complete showing of failure to deal fairly with the Plaintiff and/or were of such gross negligence, for which punitive damages should be awarded.

## Count Six
### Specific Performance

**XXVII.**

Plaintiff re-alleges each and every paragraph previously pled as if specifically pled

herein.

## XXVIII.

The Plaintiff would show unto this Court that the policy of insurance which is the subject of this action provides for payment of a claim arising from his losses resulting from Hurricane Isaac and that the Defendant, QBE, should be required and directed by this Honorable Court to specifically perform those terms of the policy which provide coverage for the Plaintiff's losses.

WHEREFORE, Plaintiffs demand judgment of and from the Defendant(s), **HANCOCK BANK, HANCOCK HOLDING COMPANY, DOVENMUEHLE MORTGAGE, INC., QBE FIRST INSURANCE AGENCY, INC., QBE NORTH AMERICA, QBE INSURANCE GROUP LIMITED, QBE INSURANCE CORPORATION, QBE AMERICAS, INC., and BEACON INSURANCE SERVICES, INC**, jointly and severally, in the amount of $1,275,000.00 as compensatory damages and punitive damages in the amount of at least $1,000,000.00, including attorney's fees, costs of court, and all other damages, due to the negligence, breach of fiduciary duty, breach of contract, and gross negligence, bad faith and specific performance, as a result of Defendants' actions as referenced herein.

RESPECTFULLY SUBMITTED, this the 25th day of August, 2015.

DONALD PATTON<br>
Plaintiff<br>
BY: _____<br>
AL SHIYOU, Attorney for Plaintiffs

AL SHIYOU
SHIYOU LAW FIRM
MSB #6760
P.O. BOX 310
HATTIESBURG, MS 39403
TELEPHONE: (601) 583-6040
FACSIMILE: (601) 583-6041