IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONALD W. PATTON | § | PLAINTIFF |
| | § | |
| | § | |
| V. | § | CIVIL NO. 1:15-cv-332-HSO-JCG |
| | § | |
| | § | |
| HANCOCK BANK, *et al.* | § | DEFENDANTS |

MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S [7] MOTION TO REMAND

BEFORE THE COURT is the Motion to Remand [7] filed by Plaintiff Donald
W. Patton.  Defendants QBE First Insurance Agency, Inc., QBE North America,
QBE Insurance Group Limited, QBE Insurance Corporation, and QBE Americas,
Inc., have filed a Response [16], in which the remaining Defendants Dovenmuehle
Mortgage, Inc., Hancock Bank, Hancock Holding Company, and Beach Insurance
Services, Inc., have joined [18], [20], [22].  Having considered the record and
relevant legal authorities, the Court finds that it should abstain and remand this
matter to state court.  Plaintiff's Motion should be granted, and this matter should
be remanded to the Circuit Court of Harrison County, Mississippi, First Judicial
District.

I. BACKGROUND

A.    Factual Background

According to Plaintiff Donald W. Patton ("Plaintiff"), he owns improved real
property in Saucier, Mississippi (the "Property"), and has a mortgage with

-1-

Defendants Hancock Bank and/or Hancock Holding Company (collectively "Hancock") which is secured by that Property. Compl. [1] at 3. Defendant Dovenmuehle Mortgage, Inc. ("Dovenmuehle"), serviced the mortgage loan. *Id.* Plaintiff procured insurance on the Property through Defendant Beacon Insurance Services, Inc. ("Beacon"). *Id.* at 4.

Plaintiff alleges that, sometime after procuring insurance with Beacon, either Hancock or Dovenmuehle

> improperly placed a 'duel [sic] interest lender placed policy' in the amount of $275,000.00 with QBE North America through QBE Insurance Corporation . . . and QBE FIRST INSURANCE AGENCY, INC., on the subject property without the knowledge of the Plaintiff.

*Id.* According to Plaintiff, Hancock or Dovenmuehle "paid the QBE North America policy on or about August 18, 2012." *Id.* Plaintiff maintains that "Beacon was negligent in its failure to timely notify or provide a current insurance policy to HANCOCK and/or DOVENMUEHLES [sic]." *Id.*

Plaintiff alleges that on August 28, 2012, the Property sustained extensive damage due to the impact of Hurricane Isaac. *Id.* Plaintiff filed a claim under the QBE North America policy, but asserts that the claim has not been properly evaluated or paid. According to Plaintiff, "QBE North America has refused to deal with Plaintiff directly, since according to QBE North America, HANCOCK or DOVENMUEHLES [sic] is considered as the 'named' insured on the new policy, not the Plaintiff, even though the funds used to pay the premium were funds paid by the Plaintiff." *Id.*

B.    Procedural History

On August 27, 2015, Plaintiff filed a Complaint [1-3] in the Circuit Court of Harrison County, Mississippi, First Judicial District, naming Hancock Bank, Hancock Holding Company, Dovenmuehle Mortgage, Inc., QBE First Insurance Agency, Inc., QBE North America, QBE Insurance Group Limited, QBE Insurance Corporation, QBE Americas, Inc., and Beacon Insurance Services, Inc., as Defendants.  The Complaint advances state law claims for negligence, breach of fiduciary duty, breach of contract, gross negligence, bad faith, and specific performance.  Compl. [1-3] at 5-10.

Defendants QBE First Insurance Agency, Inc., QBE North America, QBE Insurance Corporation, QBE Insurance Group Limited, and QBE Americas, Inc. ("QBE Defendants") removed the case to this Court on October 2, 2015, invoking jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Notice of Removal [1] at 1-3.  Dovenmuehle joined in and consented to the removal [4] on October 5, 2015.  Joinder [4] at 1.  Even though complete diversity of citizenship was lacking on the face of the Complaint, QBE Defendants asserted in the Notice of Removal that "the claims against Defendants Hancock, Dovenmuehle and Beacon have been fraudulently misjoined in this action with the claims against QBE." *Id.* at 3.

Plaintiff filed a Motion to Remand [7] on October 14, 2015, arguing that diversity jurisdiction is lacking such that this case should be remanded to state

court.  Pl.'s Mot. to Remand [7] at 1-2.  On October 15, 2015, Plaintiff also filed a Motion to Add Indispensable Party [11], seeking to add Prime Insurance Company ("Prime") as a Defendant.  Pl.'s Mot. [11] at 4-5.[1]

On October 20, 2015, QBE Defendants filed a First Supplement to Notice of Removal [12], advising that Plaintiff had filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on October 13, 2015.  Suppl. to Notice of Removal [12] at 1.  On November 16, 2015, QBE Defendants filed a Response [16] in opposition to Plaintiff's Motion to Remand, arguing that federal jurisdiction exists based upon this bankruptcy proceeding.  Resp. [16] at 2.  At that time, "QBE Defendants withdr[ew] fraudulent misjoinder as a basis for removal."  *Id.* at 2 n.1. The remaining Defendants joined [18], [20], [22] in QBE Defendants' Response [16]. Defendants maintain that "[f]ederal jurisdiction exists based upon the Plaintiff's pending bankruptcy," that mandatory abstention does not apply, and that the Court should not exercise discretionary abstention.  Resp. [16] at 2-7.  Plaintiff has not filed a Reply or otherwise responded to Defendants' arguments regarding bankruptcy jurisdiction.

While the parties have not raised the issue, the Court takes judicial notice of the fact that the United States Bankruptcy Court for the Southern District of Mississippi (the "Bankruptcy Court") granted Plaintiff's voluntary Motion to Dismiss his Chapter 13 Petition on November 24, 2015.  *In re Patton*, Bankr. Pet.

---

[1]  Because the Court finds that remand is warranted, the Court need not resolve Plaintiff's Motion to Add Prime as a Defendant.

No. 15-51655-KMS, Order [27] (Bankr. S.D. Miss. Nov. 24, 2015).  The Bankruptcy

Court entered a Final Decree/Order Closing Case on January 20, 2016.  *In re*

*Patton*, Bankr. Pet. No. 15-51655-KMS, Order [35] (Bankr. S.D. Miss. Jan. 20,

2016).  Plaintiff's Chapter 13 plan was never confirmed by the Bankruptcy Court,

and no claims were paid by or on behalf of Plaintiff through the bankruptcy.  *See,*

*e.g.*, *In re Patton*, Bankr. Pet. No. 15-51655-KMS, Trustee's Final Report & Account

[32] (Bankr. S.D. Miss. Dec. 15, 2015).

## II.  DISCUSSION

### A.   Removal and Bankruptcy Jurisdiction

28 U.S.C. § 1452 provides for the removal of civil actions over which a district

court has jurisdiction under 28 U.S.C. § 1334.  *See* 28 U.S.C. § 1452; *see also* 28

U.S.C. § 1334.

> Section 1334 grants the federal district courts jurisdiction over four types
> of bankruptcy matters: (1) "cases under title 11," (2) "proceedings arising
> under title 11," (3) proceedings "arising in" a case under title 11, and (4)
> proceedings "related to" a case under title 11.  The first category refers to
> the bankruptcy petition itself.  The second, third, and fourth categories,
> all listed in § 1334(b), "operate conjunctively to define the scope of
> jurisdiction.  Therefore, it is necessary only to determine whether a
> matter is at least 'related to' the bankruptcy."  A proceeding is "related to"
> a bankruptcy if "the outcome of that proceeding could *conceivably* have
> any effect on the estate being administered in bankruptcy."

*In re U.S. Brass Corp.*, 301 F.3d 296, 303-04 (5th Cir. 2002) (emphasis in original)

(quoting 28 U.S.C. § 1334(a)-(b); *In re Wood*, 825 F.2d 90, 92-93 (5th Cir. 1987)).

### B.   Whether the Court Should Permissively Abstain

Even if bankruptcy jurisdiction exists in this case, the Court in its discretion

will abstain from exercising jurisdiction over Plaintiff's state law claims based upon the specific facts of this case.  Under 28 U.S.C. § 1334(b), district courts are granted "original but not exclusive" bankruptcy jurisdiction.  28 U.S.C. § 1334(b).  A district court may abstain under 28 U.S.C. § 1334(c)(1) if doing so is in the "interest of justice, or in the interest of comity with State courts or respect for State law . . . ." 28 U.S.C. § 1334(c)(1).  This permissive abstention statute grants courts "broad discretion to abstain from hearing state law claims whenever appropriate . . . ." *In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996).  A court may also remand an action based upon § 1334 jurisdiction "on any equitable ground."  28 U.S.C. § 1452(b).

To assess whether permissive abstention and equitable remand are appropriate, this Court has considered the following fourteen factors:

> 1. the effect or lack thereof on the efficient administration of the estate if the court recommends [remand or] abstention; 2. extent to which state law issues predominate over bankruptcy issues; 3. difficult or unsettled nature of applicable law; 4. presence of related proceeding commenced in state court or other nonbankruptcy proceeding; 5. jurisdictional basis, if any, other than § 1334; 6. degree of relatedness or remoteness of proceeding to main bankruptcy case; 7. the substance rather than the form of an asserted core proceeding; 8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; 9. the burden of [sic] the bankruptcy court's docket; 10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; 11. the existence of a right to a jury trial; 12. the presence in the proceeding of nondebtor parties; 13. comity; and 14. the possibility of prejudice to other parties in the action.

*Galloway v. Bond, Botes & Stover, P.C.*, 597 F. Supp. 2d 676, 683-84 (S.D. Miss. 2008) (addressing permissive abstention) (quoting *Sabre Technologies, L.P. v. TSM Skyline Exhibits, Inc.*, No. H-08-1815, 2008 WL 4330897, 4-5 (S.D. Tex. Sept. 18,

2008)); *see also Wright v. River Region Medical Corp.*, No. 3:10-CV-193-HTW-LRA, 2012 WL 3114536 (S.D. Miss. July 31, 2012) ("The analysis for remand based on equitable grounds under the bankruptcy statute, Title 28 U.S.C. § 1452, is the same as that for discretionary abstention.").

Considering the record of this case, the nature of Plaintiff's claims, and the pre-confirmation dismissal of Plaintiff's Chapter 13 Petition, the Court finds that the majority of the foregoing factors weigh heavily in favor of abstention. The Complaint raises only state law claims, and Defendants have not established that diversity jurisdiction otherwise exists. Even if bankruptcy jurisdiction exists, the Court finds that based upon the record and relevant legal authorities, it should permissively abstain from hearing this case pursuant to 28 U.S.C. § 1334(c)(1), and that equitable remand of this matter to state court is appropriate. *See* 28 U.S.C. § 1452(b). The Court will therefore grant Plaintiff's Motion.

## III.  CONCLUSION

For the foregoing reasons, the Court will permissively abstain pursuant to 28 U.S.C. § 1334(c)(1). Plaintiff's Motion to Remand will be granted, and this matter will be remanded to the Circuit Court of Harrison County, Mississippi, First Judicial District.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand [7] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that this civil action is remanded to the Circuit Court of Harrison County, Mississippi, First Judicial

District, and that a certified copy of this Order of remand shall be immediately

mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 8th day of April, 2016.

<u>*s/ Halil Suleyman Ozerden*</u>

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE